```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
APPALACHIAN REGIONAL           )
HEALTHCARE, INC.,              )
                               )
      Plaintiff,               )   Civil Action No. 5:06-150-JMH
                               )
v.                             )
                               )   MEMORANDUM OPINION AND ORDER
KENTUCKY NURSES ASSOCIATION,   )
and WEST VIRGINIA NURSES       )
ASSOCIATION,                   )
                               )
      Defendants.              )
```

                              **\*\*    \*\*    \*\*    \*\*    \*\***

Before the Court is the motion by Plaintiff Appalachian Regional Healthcare, Inc. ("ARH") to stay execution of the judgment pending appeal without a supersedeas bond [Record No. 27]. The parties have fully briefed the issue, and this matter is ripe for review.

**I.   INTRODUCTION**

On October 13, 2006, this Court entered final judgment against ARH, upholding a prior arbitration award. In accordance with the arbitration award, the Court ordered ARH to reinstate the 36/40 workweek[1] and to make all nurses affected by the discontinuation of the 36/40 schedule whole for back pay. On November 10, 2006, ARH filed a notice of appeal. ARH now urges the Court to stay execution of the judgment pursuant to Federal Rule of Civil

---

[1] Under the 36/40 schedule, registered nurses worked three twelve hour shifts per week for forty hours pay.

Procedure 62(d) but asks that the Court waive the normal requirement of a supersedeas bond since ARH has more than sufficient financial resources to satisfy the judgment.

**II.  STANDARD**

Under Federal Rule of Civil Procedure 62(d), "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule."  "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). While Rule 62(d) "'in no way necessarily implies that filing a bond is the only way to obtain a stay,'" *id.* (quoting *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)), "a full supersedeas bond should almost always be required," *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998), *rev'd on other grounds*, 165 F.3d 426 (6th Cir. 1999).

Rule 62(d) applies only to the monetary portion of the judgment.  Rule 62(c) addresses injunctive relief:

> When an appeal is taken from an interlocutory judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

In order to obtain a stay under Rule 62(c), the appellant must demonstrate that it has satisfied the traditional elements required

2

for a preliminary injunction.  *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  These factors are: (1) the likelihood that the appellant will prevail on the merits; (2) the likelihood that the appellant will be irreparably harmed absent a stay; (3) the prospect that other parties will be harmed if the stay is granted; and (4) the public interest in granting the stay.  *Id.* (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).

### III. ANALYSIS

This Court must analyze two portions of its judgment separately.  The back pay award is a monetary judgment, and this Court need only determine whether to waive the requirement of a supersedeas bond.  However, the portion of the judgment prospectively reinstating the 36/40 workweek is injunctive relief, so this Court may only stay that portion of the judgment if ARH meets the standard for a preliminary injunction.

A.  <u>ARH is not Entitled to a Stay of the Judgment Reinstating the 36/40 Workweek.</u>

ARH fails the test for a preliminary injunction.  First, they have not demonstrated a strong likelihood of success on the merits. Reinstatement of the 36/40 workweek was originally awarded by the arbitrator, and the standard of review of an arbitration award is "one of the narrowest standards of judicial review in all of American jurisprudence."  *Way Bakery v. Truck Drivers Local No.*

3

*164*, 363 F.3d 590, 593 (6th Cir. 2004). Second, the registered nurses represented by the defendant, Kentucky Nurses Association ("KNA"), would be highly prejudiced by a stay. Even though ARH has agreed to schedule nurses on the thirty-six hour workweek for the duration of the appeal (they will be paid only for thirty-six hours, rather than the forty hour pay rate offered under the 36/40 schedule), KNA has demonstrated that a number of nurses will be forced to return to the traditional forty hour workweek since they depend on the extra compensation. Since the collective bargaining agreement expires at the end of September, and since it is unlikely that the 36/40 schedule will be renewed in a new collective bargaining agreement, this would effectively defeat the purpose of the arbitrator's award. Finally, while ARH may have some difficulty in recovering the additional weekly wages if they do prevail on appeal,

> [m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974). If ARH prevails, they will be able to sue to recover the additional wages and will have the powers of a judgment creditor even if the nurses are not able to immediately pay. For these reasons, a stay of the injunctive relief is not appropriate.

4

B.  ARH Must Post a Supersedeas Bond

Though ARH has demonstrated that it will likely be able to pay the judgment, this Court feels that a bond will best protect KNA's and the nurses' interest. *See Hamlin*, 181 F.R.D. at 351 (observing that, by coupling the right to a stay with a bond requirement, Rule 62(d) serves a dual protective role). Since there is some discrepancy in ARH's back pay estimate ($1.6 million) and its testimony during the arbitration hearing (that it stood to lose $3 million under the 36/40 schedule), and since ARH has indicated that it is unwilling to provide the basis for its back pay calculations, this Court sets the bond at three million dollars in order to provide full security.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff Appalachian Regional Healthcare, Inc.'s motion for a stay pending appeal [Record No. 27] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART.**

(2) That Plaintiff Appalachian Regional Healthcare, Inc. post a supersedeas bond of **three million dollars ($3,000,000.00).**

(3) That execution of the portion of the judgment ordering Appalachian Regional Healthcare, Inc. to make all RNs affected by the discontinuation of the 36/40 schedule whole for back pay and interest be, and the same hereby is, **STAYED PENDING APPEAL.**

This the 5th day of January, 2007.



Signed By:

*Joseph M. Hood*

United States District Judge